**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JEFF HULL, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : : | Civ. Action No. 16-05153 (FLW) |
| v. | : : | |
| GLOBAL DIGITAL SOLUTIONS, INC RICHARD J. SULLIVAN, DAVID A. LOPART, WILLIAM J. DELGADO, ARTHUR F. NOTERMAN, and STEPHANIE C. SULLIVAN, | : : : : : : | **ORDER** |
| Defendants. | : : | |

**THIS MATTER** having been opened to the Court by Laurence M. Rosen, Esq., counsel for Plaintiff Michael Perry ("Movant"), on a motion to appoint Movant as lead plaintiff and approve the Rosen Law Firm as lead counsel, in this putative class action involving purchases of Global Digital Solutions, Inc.'s ("Global Digital" or the "Company") securities; it appearing that three other motions for lead plaintiff were filed by the following parties: (a) David Beasley, Jonathan Cox, and Betty C. Little; (b) Gary Blum and Marjorie Berg; and (c) Debbie Campbell; it appearing that, each of those parties has, subsequent to the filing of Movant's motion, filed notices of non-opposition to Movant's request for lead plaintiff status; the Court, having considered the parties' submissions in connection with the motions pursuant to Fed. R. Civ. P. 78, makes the following findings:

(1)     On August 24, 2016, this action was commenced by Plaintiff Jeff Hull against Global Digital, a New Jersey Corporation that builds mobile command/communication and specialty vehicles, as well as certain officers and directors, for violations of Section 10(b) and 20(a) of the Exchange Act

1

and Rule 10b-5, with regard to the Company's publicly traded securities. Plaintiff seeks to represent putative class members who purchased stock of Global Securities during the relevant time period. The Complaint primarily alleges that Global Digital violated certain securities regulations by disseminating material misrepresentations and omitting vital information in various documents filed with the Securities and Exchange Commission and press releases issued by the Company, which concern two separate and unsuccessful mergers with Airtronic USA, Inc. and Remington Outdoor Company.

(2)   On the same day, a notice was sent to potential class members advising them of the option to seek lead plaintiff status, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

(3)   Subsequently, Movant filed this instant motion, in which he submits that, in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and 15 *U.S.C.* § 78u-4(a)(3)(B)(v), he should be appointed as lead plaintiff, and the Rosen Law Firm should be selected as lead counsel. Three other competing motions were filed by potential class members; however, after motion practice, notices of non-opposition were filed by these members. The remaining lead plaintiff applicant is Movant.

(4)   The PSLRA provides a "rebuttable presumption" that the most adequate plaintiff to serve as the lead plaintiff, is the person or group of persons that satisfy the following requirements: "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the

2

determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 *U.S.C.* § 78u-4(a)(3)(B)(iii)(I). This presumption, however, may be rebutted through "proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

(5)   The Court finds that the PSLRA's criteria, with regard to the appointment of lead plaintiff, have been satisfied by Movant. First, Movant has made a timely motion in response to a PSLRA early notice. Declaration of Laurence M. Rosen in Support of Motion by Michael to Appoint Lead Plaintiff And Approve Selection of Counsel (dated, Oct. 24, 2016) ("Declaration of Mr. Rosen"), ¶ 2, Ex. 1. Furthermore, Movant has reviewed the complaint and is willing to serve as lead plaintiff. Declaration of Mr. Rosen, ¶ 3, Ex. 2.

(6)   Next, Movant has suffered the largest financial interest during the period relevant to this action. In assessing the largest financial interest, the Court must consider the following factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the putative class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant Corp. Litig.*, 264 F.3d 201, 261 (3d Cir. 2001). As applied here, Movant purchased 525,120 shares during the Class Period, expended $24,289.23 in funds, and lost

3

$24,289.23. Declaration of Mr. Rosen, ¶ 4, Ex. 3. The Court is not aware of any other stock-purchaser of Global Digital who has suffered a greater loss than Movant.

(7)     Third, Movant meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. At this stage of the litigation, the Court's examination of Rule 23 "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy," and only a preliminary showing of both is required. *In re Cendant Corp. Litig.*, 264 F.3d at 263-64. The Court, in examining the typicality requirement, should compare whether Movant's claims, and other putative class members' claims, stem from the same alleged illegal conduct. *Id*. at 265 (citations omitted). And, in examining the adequacy requirement, the Court determines whether there is a conflict between Movant and other putative class members, and whether Movant has a sufficient interest in the outcome of the case. *Id*. (citations omitted).

(8)     The Court finds that the typicality and adequacy requirements have been satisfied. Indeed, Movant, as with every other putative class members, allegedly suffered losses by purchasing Global Digital securities at prices that were artificially inflated by the Company's material misstatements or omissions during the relevant period. Furthermore, the Court cannot discern any conflicts between Movant and the putative class members, and Movant's interest in "represent[ing] the claims of the class vigorously" is evidenced by the amount of the loss he incurred in this matter. *Id*.

(9)     Having met the PSLRA's criteria, Movant is presumed to be the most adequate representative of the putative class members. This presumption has not been rebutted. Indeed, every other movant who has filed a motion for lead plaintiff has subsequently filed a statement of non-opposition to Movant's motion for appointment as lead plaintiff.

(10)    In addition to governing the appointment of lead plaintiffs, the PSLRA vests authority in the lead plaintiff to "select and retain counsel to represent the class," subject to the approval of the Court. 15 *U.S.C.* §78u-4(a)(3)(B)(v). Here, Movant has selected the Rosen Law Firm as lead counsel, and provided the Court with a copy of the Firm's resume. Declaration of Mr. Rosen, ¶ 5, Ex. 4. Importantly, the Rosen Law Firm has successfully litigated numerous securities fraud class actions, similar in substance to the instant suit. Therefore, after reviewing the Firm's qualifications, the Court is satisfied that the Rosen Law Firm is qualified and competent to serve as lead counsel in this litigation.

Accordingly,

**IT IS** on this 10th day of November, 2016,

**ORDERED** that Movant's motion for appointment of lead plaintiff and selection of lead counsel [Docket# 8] is **GRANTED**;

**ORDERED** that Plaintiff Michael Perry is appointed as **LEAD PLAINTIFF**;

**ORDERED** that the Rosen Law Firm is appointed as **LEAD COUNSEL;**

**ORDERED** that Lead Counsel shall manage the prosecution of this litigation. Lead Counsel are to avoid duplicative or unproductive activities and are hereby

vested by the Court with the responsibilities necessary to prosecute this suit, such as: (1) prepare all pleadings; (2) direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) initiate and direct discovery; (4) prepare the case for trial; and (5) engage in settlement negotiations on behalf of Lead Plaintiff and the putative class; and it is further

**ORDERED** that all other lead plaintiff motions [Docket Nos: 5, 6, 7] are **DENIED**.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge