# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFF HULL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br>    v.<br>GLOBAL DIGITAL SOLUTIONS, INC., RICHARD J. SULLIVAN, DAVID A. LOPPERT, WILLIAM J. DELGADO, ARTHUR F. NOTERMAN, and STEPHANIE C. SULLIVAN,<br><br>        Defendants. | Case No. 3:16-cv-05153-FLW-TJB<br><br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of June 12, 2019 which is entered into by and among (i) the Lead Plaintiff Michael Perry ("Lead Plaintiff"), on behalf of himself and on behalf of the Settlement Class (as defined herein), by and through The Rosen Law Firm, P.A., counsel for the Lead Plaintiff and the Settlement Class, (ii) Defendants Global Digital Solutions, Inc. ("GDSI" or the "Company") and William J. Delgado ("Delgado"), by and through Brinen & Associates, LLC, counsel for GDSI and Delgado, (iii) Defendant David A. Loppert ("Loppert"), by and through counsel for Loppert, Hellring Lindeman Goldstein & Siegal LLP, (GDSI, Delgado and Loppert are collectively referred to as the "Settling Defendants") (Settling Defendants together with Lead Plaintiff and the Settlement Class are collectively referred to as the "Settling Parties"), and (iv) Plaintiff Adrian Lopez ("Lopez") who filed *Adrian Lopez v. William J. Delgado, et al.*, Docket No. C-70-16 in the Superior Court of New Jersey, Chancery Division of Mercer County and *Adrian Lopez v. Global Digital Solutions, Inc., et al.*, Docket No. L-2126-17 in the Superior Court of New Jersey, Law

Division of Mercer County, by and through The Brown Law Firm, P.C. and Pawar Law Group, P.C., counsel for Lopez.  Each of the settling parties and Lopez states that all of the terms of the settlement and resolution of the above-captioned  matter (the "Action") and of the actions filed by Lopez (the "Lopez Actions")(as defined herein) are intended by the Settling Parties and Lopez to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the District of New Jersey (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.    The Action

This litigation was commenced on August 24, 2016 alleging violations of the Securities Exchange Act of 1934 as against Defendants. (Dkt. No. 1).

On November 10, 2016, the Court appointed Michael Perry as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. (Dkt. No. 13).

On December 5, 2016, Delgado and GDSI filed a motion to dismiss. (Dkt. No. 15). This motion to dismiss was withdrawn without prejudice on December 14, 2016 and on January 3, 2017 the Court entered a stipulation setting the schedule for the filing of an amended complaint and briefing motions to dismiss for Lead Plaintiff and GDSI and Delgado as well as for Lead Plaintiff and Loppert, respectively. (Dkt. Nos. 18, 20). The schedule was subsequently modified on January 4, 2017. (Dkt. No. 22).

On January 12, 2017, Lead Plaintiff moved the Court for a partial lift of the discovery stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in order to acquire

information needed to serve the summons and complaint on defendant Richard J. Sullivan ("Sullivan"). (Dkt. No. 23). On January 26, 2017, Magistrate Judge Bongiovanni granted the motion and allowed limited discovery requests to be served in order to effectuate service upon defendant Sullivan. (Dkt. No. 24).

On March 31, 2017, Lead Plaintiff filed the Amended Class Action Complaint for Violations of Federal Securities Laws ("Amended Complaint") (Dkt. No. 25). On May 8, 2017, GDSI and Delgado as well as Loppert filed motions to dismiss the Amended Complaint. (Dkt. Nos. 28-29). Lead Plaintiff filed an omnibus opposition to the motions to dismiss on June 5, 2017. (Dkt. No. 31). The motions to dismiss were fully briefed on June 26, 2017. (Dkt. Nos. 32-34).

On December 19, 2017, Judge Wolfson entered an order and opinion granting Settling Defendants' motions to dismiss and granting Lead Plaintiff the opportunity to replead. (Dkt. Nos. 36 and 37). On January 18, 2018, Lead Plaintiff filed the operative complaint in the Action, the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("Second Amended Complaint") (Dkt. No. 38). Defendants GDSI and Delgado filed a motion to dismiss the Second Amended Complaint on February 8, 2018 (Dkt. No. 39), and Defendant Loppert filed his motion to dismiss the Second Amended Complaint on February 12, 2018, which included lack of personal jurisdiction as a basis. (Dkt. No. 41). Lead Plaintiff again filed an omnibus opposition to the motions to dismiss on February 20, 2018. (Dkt. No. 44). Defendants GDSI and Delgado filed their reply in further support of their motion to dismiss on February 26, 2018 (Dkt. No. 45), and Loppert filed a letter that same day adopting the arguments made by GDSI and Delgado. (Dkt. No. 46). That day, Loppert also filed a reply in further support of his motion to dismiss. (Dkt. No. 47).

On September 14, 2018, Judge Wolfson entered an order and opinion denying Settling Defendants' motions to dismiss the Second Amended Complaint. (Dkt. Nos. 48-49). Accordingly,

on September 28, 2018, Settling Defendants filed their answers to the Second Amended Complaint. (Dkt. Nos. 50-51).

On November 27, 2018, the Settling Parties participated in a telephonic Scheduling Conference with Magistrate Judge Bongiovanni. During this conference, the Settling Parties discussed the possibility of mediating the Action. On January 28, 2019, the Settling Parties participated in a Status Conference Magistrate Judge Bongiovanni at which they informed the Court that the Settling Parties agreed to mediate the Action before Jed Melnick, Esq. of JAMS. Magistrate Judge Bongiovanni entered an order on February 13, 2019 staying the action for 60 days while referring the Action to mediation before Mr. Melnick. (Dkt. No. 54). Pursuant to this order, the Settling Parties filed a status report April 10, 2019 advising the Court that the parties reached an agreement to resolve the matter at mediation and requesting a discovery stay until May 12, 2019 to allow time for preparation and filing of preliminary approval papers. (Dkt. No. 55).

On April 11, 2019, the Court entered an Order granting a stay of discovery until May 12, 2019 (Dkt. No. 56).  On April 12, 2019, the Court entered an Order administratively terminating the case, to be reopened upon the filing of a motion for preliminary approval of the settlement (Dkt. No. 57). Upon the Settling Parties' request to allow for more time to complete the documentation of the Settlement (Dkt. No. 58), Magistrate Judge Bongiovanni extended the discovery stay until June 12, 2019. (Dkt. No. 59).

### B.    The Lopez Actions

Lopez filed two actions: a shareholder derivative action and a direct action.  Lopez filed the derivative action in the Superior Court of New Jersey, Chancery Division of Mercer County, styled as *Adrian Lopez v. William J. Delgado, et al.*, Docket No. C-70-16 (the "Lopez Derivative Action"). The Lopez Derivative action was filed on September 19, 2016 and brought on behalf of

GDSI against Delgado, Sullivan, Loppert, Jerome J. Gomolski, Stephanie C. Sullivan, Arthur F. Noterman, and Stephen L. Norris. The Lopez Derivative action alleged that the defendants named therein made and/or caused the Company to make the same violations of the federal securities laws that are alleged in the Action and failed to maintain internal controls at GDSI, and it made claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, gross mismanagement, and abuse of control.

On February 5, 2018 Defendant Delgado filed a motion to dismiss the claims against him for lack of personal jurisdiction in Lopez Derivative Action.  On February 20, 2018, Defendant Loppert filed a motion to dismiss the claims against him for lack of personal jurisdiction in Lopez Derivative Action.

Lopez filed the direct action in the Superior Court of New Jersey, Law Division of Mercer County, styled as *Adrian Lopez v. Global Digital Solutions, Inc., et al*., Docket No. L-002126-17 (the "Lopez Direct Action," and together with the Lopez Derivative Action, the "Lopez Actions"). The Lopez Direct Action was filed on September 28, 2017 against GDSI and Delgado to compel them to hold an annual meeting of stockholders. On February 2, 2018, Defendants GDSI and Delgado filed a motion to dismiss the Lopez Direct Action.

On February 20, 2018, Lopez filed in the Lopez Direct Action a motion to consolidate the two Lopez Actions.  On February 27, 2018, Lopez filed in the Lopez Derivative Action a separate motion to consolidate the Lopez Actions into a single action.

On March 21, 2018, Lopez filed opposition to Defendants' GDSI, Delgado and Loppert's motions to dismiss in the Lopez Derivative Action. On March 22, 2018, Loppert filed opposition to Lopez's motion in the Lopez Derivative Action to consolidate the Lopez Actions.  On March

27, 2018, Loppert filed reply papers in further support of his motion to dismiss the Lopez Derivative Action.

By Order entered on May 11, 2018, the Honorable Paul Innes, P.J.Ch. permitted Lopez to conduct additional jurisdictional discovery and to file supplemental papers. Jurisdictional discovery was provided by Settling Defendants. Lopez filed supplemental papers in opposition to Delgado's and Loppert's motions to dismiss on July 23, 2018.  On July 27, 2018, Loppert filed reply papers in further support of his motion to dismiss.

On October 12, 2018, Judge Innes entertained oral argument and entered an Order granting Delgado's and Loppert's motions to dismiss the claims against them in the Lopez Derivative Action and denying Lopez's motion to consolidate.

The Lopez Derivative Action was thereafter administratively closed.

The Lopez Direct Action was administratively dismissed for lack of prosecution by Order filed on December 22, 2018.

The Settling Parties and Lopez agree that the release of claims made in the Lopez Actions is a material factor in the Settling Defendants' decision to resolve this Action.

### C.     The Settlement

The Settling Parties and Lopez attended a mediation session with Jed Melnick of JAMS on March 19, 2019. Prior to the mediation session, the Settling Parties and Lopez exchanged detailed mediation statements. The mediation was successful, and a settlement in principle was reached.

This Stipulation memorializes the agreement among the Settling Parties and Lopez to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

### D.      The Settling Defendants' Denial Of Wrongdoing And Liability

Throughout the course of the Action and the Lopez Actions, and in this Stipulation, the Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have or could have been asserted in the Action and the Lopez Actions. The Settling Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Lead Plaintiff, the Settlement Class and Lopez, as well as the allegations that Lead Plaintiff, the Settlement Class, and Lopez have suffered damages and that Lead Plaintiff, the Settlement Class, and Lopez were harmed by the conduct alleged in the Action. The Settling Defendants continue to believe the claims asserted against them in the Action and the Lopez Actions are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. The Settling Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

The Settling Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by any of the Settling Defendants or any of the Released Parties with respect to any of Lead Plaintiff's the Settlement Class's or Lopez's allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

### E.      Claims of Lead Plaintiff And Benefits of Settlement

Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings

necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Lead Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification and trial. Lead Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Lead Plaintiff (on behalf of himself and each of the Settlement Class Members), Lopez, and the Settling Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties and Lopez from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.    Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**    "Action" means the putative class action captioned *Hull v. Global Digital Solutions, Inc.,* Case No. 16-cv-5153 (D.N.J.).

**1.2.**    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the

terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.2) to the Authorized Claimants. Such costs do not include legal fees.

      **1.3.**    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

      **1.4.**    "Awards to Lead Plaintiff and Lopez" means the requested reimbursement to Lead Plaintiff and Lopez for their reasonable costs and expenses (including lost wages) directly related to Lead Plaintiff's representation of the Settlement Class in the Action and to Lopez's efforts in the Lopez Actions.

      **1.5.**    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New Jersey.

      **1.6.**    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

      **1.7.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or

unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.8.    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

1.9.    "Defendants" means Global Digital Solutions, Inc., William J. Delgado, David A. Loppert, Richard J. Sullivan, Arthur F. Noterman, and Stephanie C. Sullivan.

1.10.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11.    The "Escrow Agent" means SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12.    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

1.13.    "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Final Judgment becomes Final.

**1.14.**   "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

**1.15.**   "Insurer" means the primary insurer under director and officer liability policies under which GDSI was covered, for the period October 8, 2013 through August 11, 2016, XL Specialty Insurance.

**1.16.**   "Lead Plaintiff" means Michael Perry, as identified in the Order Appointing Lead Plaintiff and Lead Counsel (Dkt. No. 13).

**1.17.**   "Lead Counsel" means The Rosen Law Firm, P.A.

**1.18.**   "Lopez" means Adrian Lopez.

**1.19.**   "Lopez Actions" means the shareholder derivative action, captioned *Adrian Lopez v. William J. Delgado, et al.*, Docket No. C-70-16 (Superior Court of New Jersey, Chancery Division of Mercer County) and the direct action, captioned *Adrian Lopez v. Global Digital Solutions, Inc., et al.*, Docket No. L-002126017 (Superior Court of New Jersey, Law Division of Mercer County).

**1.20.**   "Lopez's Counsel" means The Brown Law Firm, P.C. and Pawar Law Group, P.C.

**1.21.**   "Net Settlement Fund" means the Gross Settlement Fund, less: (i) the Fee and Expense Award (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Awards to Lead Plaintiff and Lopez; and (v) other fees and expenses authorized by the Court.

**1.22.**   "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to

Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed to Settlement Class Members.

    **1.23.**   "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

    **1.24.**   "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assign.

    **1.25.**   "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

    **1.26.**   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

    **1.27.**   "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

    **1.28.**   "Related Parties" means, with respect to each Released Party and Releasing Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and

present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or Releasing Party, or in which any Released Party or Releasing Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

      **1.29.**   "Released Claims" means and includes any and all manner of action, cause and causes of actions of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), suits, arbitrations, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, orders, awards, Claims and demands whatsoever (including Unknown Claims as defined in ¶ 1.42), in law or in equity, whether arising out of a statute whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted directly or derivatively by or on behalf of any of the Releasing Parties or their Related Parties, in any capacity, arising out of or relating to the allegations made in the Action or the Lopez Actions. The Claims being released include any Claim arising out of the purchase and/or sale of GDSI securities that Releasing Parties now have, ever had, or may have against Released Parties, or any one of them, for, upon or by reason of any matter cause, omission, or act whatsoever occurring in

whole or in part on or at any time prior to the date of the execution of this Stipulation relating to the allegations made in the Action or the Lopez Actions, and all claims asserted in the following actions: (i) *Hull v. Global Digital Solutions, Inc.,* Case No. 16-cv-5153 (D.N.J.), (ii) the shareholder derivative action, captioned *Adrian Lopez v. William J. Delgado, et al.*, Docket No. C-70-16 (Superior Court of New Jersey, Chancery Division of Mercer County), and (iii) the direct action, captioned *Adrian Lopez v. Global Digital Solutions, Inc., et al.*, Docket No. L-2126-17 (Superior Court of New Jersey, Law Division of Mercer County).  Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.30.    "Released Parties" means the Settling Defendants, Settling Defendant's Counsel, and each of their Related Parties.

1.31.    "Releasing Parties" means jointly and severally, individually and collectively, Lead Plaintiff, Lead Counsel, Lopez, Lopez's Counsel, each and every Settlement Class Member, and each of their Related Parties.

1.32.    "Settlement" means the settlement contemplated by this Stipulation.

1.33.    "Settlement Amount" means the sum of $595,000 (Five Hundred Ninety-Five Thousand U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Counsel's and Lopez's Counsel's attorneys' fees and expenses (as allowed by the Court), Awards to Lead Plaintiff and Lopez (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.34.    "Settlement Class" means all persons and entities other than Defendants and their Related Parties who purchased publicly traded GDSI securities during the Settlement Class Period. Excluded from the Settlement Class are Defendants and their immediate families, the officers and

directors of GDSI at all relevant times, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order.

1.35.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.36.   "Settlement Class Period" means the period from October 8, 2013 through August 11, 2016, both dates inclusive.

1.37.   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.38.   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement set forth in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.39.   "Settling Defendants" means Global Digital Solutions, Inc., William J. Delgado, and David A. Loppert.

1.40.   "Settling Defendants' Counsel" means Brinen & Associates, LLC and Hellring Lindeman Goldstein & Siegal, LLP.

1.41.   "Settling Party" means any one of, and "Settling Parties" means the Settling Defendants and Lead Plaintiff (on behalf of himself and the Settlement Class).

1.42.   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected

his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Settling Parties and Lopez expressly acknowledge, and the Releasing Parties by operation of the Judgment—shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Lead Plaintiff, Lopez, or Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Lopez shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Lopez expressly acknowledge, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a material element of the Settlement.

2.      **The Settlement Consideration**

**2.1.**     Subject to the terms of this Stipulation, and upon receipt from Lead Counsel of wiring instructions and a completed Form W-9, Insurer, on behalf of the Settling Defendants, shall, within fifteen (15) Business Days after the Court issues the Preliminary Approval Order, pay or cause to be paid the sum of $595,000 (Five Hundred Ninety-Five Thousand Dollars) into the Escrow Account.

**2.2.**     Under no circumstances will Defendants or their Insurer be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member, Lead Counsel, or Lopez's Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

3.      **Handling And Disbursement Of Funds By The Escrow Agent**

**3.1.**     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

> **(a)**     As provided in ¶ 3.4 below;
>
> **(b)**     As provided in ¶ 8.2 below;
>
> **(c)**     As provided in ¶ 10.10 below, if applicable; and
>
> **(d)**     To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the Insurer. Defendants, their counsel, their Insurer and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' Counsel.

**3.4.**      At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from the Settling Defendants or the Court, disburse at the direction of Lead Counsel up to $75,000 (Seventy-Five Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

**4.      Taxes**

**4.1.**      The Settling Parties and Lopez agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made

in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      **(a)**      For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

      **(b)**      All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurer with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their Insurer and the

other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurer and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Settling Parties and Lopez agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

5.    **Preliminary Approval Order, Notice Order, And Settlement Hearing**

**5.1.**    As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the dissemination of notice. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim and Release (Exhibit A-2); (c) Summary Notice (Exhibit A-3); and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice and

Summary Notice before it is disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Counsel's proposed Plan of Allocation.

**5.2.**     At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6.**     **Releases And Covenants Not To Sue**

**6.1.**     Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) including but not limited to their heirs, executors, administrators, representatives, attorneys, successors and assigns, through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, directly or indirectly, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defendants' Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.2.**     Upon the Effective Date, Settling Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Lopez, Settlement Class Members, Lead Counsel, Lopez's Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action or the Lopez Actions (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Lead Plaintiff, Lopez, Settlement Class Members, Lead Counsel, Lopez's Counsel and their Related Parties. Nothing contained herein shall, however, bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**7.     Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

**7.1.**     Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

**7.2.**     The Settlement Fund shall be applied as follows:

       **(a)**     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

       **(b)**     To pay Administrative Costs;

       **(c)**     To pay Lead Counsel and Lopez's Counsel's attorneys' fees with interest and expenses and payments to the Lead Plaintiff and Lopez for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

(d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurer. Defendants, their counsel, their Insurer and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.    It is understood and agreed by the Settling Parties and Lopez that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be

considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    No later than seven (7) calendar days after the date of entry of the Preliminary Approval Order, the Company shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the record owners of GDSI securities during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet. ("Settlement Class Information"). If in the transfer agent's possession, the Settlement Class Information should include email addresses of record owners of GDSI securities during the Settlement Class Period. The Settling Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed

their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court.

## 8.       Lead Counsel's Attorneys' Fees And Reimbursement Of Expenses

**8.1.**       Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel and Lopez's Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action and the Lopez Actions; and (iii) the Awards to Lead Plaintiff and Lopez. Defendants shall take no position with respect to the Fee and Expense Application.

**8.2.**       Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund within three (3) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment; out of that payment to Lead Counsel from the Settlement Fund, Lead Counsel shall pay Lopez's Counsel their portion of the expenses awarded by the Court and 20% of the fees awarded by the Court. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel and Lopez's Counsel shall be jointly and

severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Lead Counsel and Lopez's Counsel agree that the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel and Lopez's Counsel agree that the Court may, upon application of the Settling Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firms should they fail timely to repay fees and expenses pursuant to this paragraph. Any Awards to Lead Plaintiff and Lopez shall not be paid from the Settlement Fund until after the Effective Date.

**8.3.**     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation

**8.4.** Any award of attorneys' fees and interest and/or expenses to Lead Counsel and Lopez's Counsel or Awards to Lead Plaintiff and Lopez shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Lead Counsel's and Lopez's Counsel's attorneys' fees and interest, expenses or other awards to Lead Plaintiff and Lopez beyond the obligation of Defendant GDSI to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Lopez's Counsel, Lead Plaintiff, Lopez, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.      Class Certification**

**9.1.** In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Final Judgment, Settling Defendants shall consent to (i) the appointment of Lead Plaintiff as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.      Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination**

**10.1.** Lead Plaintiff, on behalf of the Settlement Class, and the Settling Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of any of the following:

(i)      entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)      entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)      entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)      entry of a Court order refusing to dismiss the Action with prejudice.

(v)      entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; and

(vi)      failure on the part of any Settling Party or Lopez to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated above in this ¶ 10.1, no Settling Party shall have the right to terminate the Stipulation for any reason.

**10.2.**   If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶ 10.3), shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to the Settling Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.**   The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

(a)      Settling Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.5;

**(b)**     The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(c)**     The sum of $595,000 (Five Hundred Ninety-Five Thousand U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1 above;

**(d)**     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(e)**     The Final Judgment has become Final as defined in ¶ 1.13; and

**(f)**     The Action has been dismissed with prejudice.

**10.4.**     Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurer in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.**     If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), then Settling Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

10.6.     Settling Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1 (other than in accordance with ¶ 10.3). None of the Settling Parties or Lopez, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Settling Party or Lopez engages in a material breach of the terms hereof, any other Settling Party, provided that he or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

10.7.     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to June 12, 2019, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

10.8.     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and Lopez and shall not be used in the Action, Lopez Actions, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.9.     In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes

already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the Insurer and GDSI, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Insurer. At the request of GDSI or the Insurer, the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to GDSI or the Insurer pursuant to written direction from the Insurer.

**10.10.**   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.   No Admission Of Liability Or Wrongdoing**

**11.1.**   The Settling Parties and Lopez covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Settling Party or Lopez, or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action or Lopez Actions, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or the Lopez Actions, any wrongdoing by any Settling Party, Lopez, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Lopez, Settlement Class Member, or any

Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Lead Plaintiff, Lopez, or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

**12.    Miscellaneous Provisions**

**12.1.**    Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**    The Settling Parties and Lopez and their respective counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**    Each of the attorneys executing this Stipulation, any of its exhibits, and any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by Lopez or the Settling Party he or she represents, respectively.

**12.4.**    Lead Plaintiff and Lead Counsel represent and warrant that Lead Plaintiff is a Settlement Class Member and none of Lead Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**12.5.**    Lopez and Lopez's Counsel represent and warrant that none of Lopez's claims or causes of action against one or more Defendants in the Lopez Actions, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Lopez Actions have been assigned, encumbered or in any manner transferred in whole or in part.

**12.6.**    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties and Lopez related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Settling Party or Lopez concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Lead Plaintiff, on behalf of himself and the Settlement Class, and Lopez acknowledge and agree that any and all other representations and warranties of any kind or nature, express or

implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties and Lopez relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party and Lopez shall bear his or its own costs.

12.7.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties and Lopez, or their respective counsel or their respective successors in interest.

12.8.    This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties, Lopez, and their respective agents, successors, executors, heirs, and assigns.

12.9.    The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

12.10.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.11.  This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.12.  This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to conflict of laws principles.

**12.13.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.14.** The Stipulation shall not be construed more strictly against one party hereto than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties or Lopez, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and Lopez, and all Settling Parties and Lopez have contributed substantially and materially to the preparation of this Stipulation.

**12.15.** Lead Plaintiff, Lopez, Lead Counsel, Lopez's Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action and the Lopez Actions agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action or the Lopez Actions against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action or the Lopez Actions, and (c) they will not discuss any confidential matters related to this Action, the Lopez Actions, or the Settlement with anyone.

**12.16.** All agreements by, between or among the Settling Parties and Lopez, their respective counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement

**12.17.** The Settling Parties and Lopez shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any

corollary state law rule or statute, and/or the PSLRA in connection with this Action, the Lopez Actions, the Settlement, the Stipulation or the Supplemental Agreement. The Settling Parties and Lopez agree that the Action and the Lopez Actions were resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.

**12.18.** Any failure by any of the Settling Parties or Lopez to insist upon the strict performance by any other Settling Party or Lopez of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party or Lopez, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties and Lopez.

**12.19.** The waiver, express or implied, by any Settling Party or Lopez of any breach or default by any other Settling Party or Lopez in the performance of such Settling Party or Lopez of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**12.20.** The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties and Lopez have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  June 12, 2019                  **THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, New Jersey 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Gonen Haklay
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: ghaklay@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the proposed
Settlement Class*

Dated:  June 12, 2019                  **BRINEN & ASSOCIATES, LLC**

By: /s/ Joshua D. Brinen
Joshua D. Brinen
90 Broad Street, Second Floor
New York, New York 10004
Tel: (212) 330-8151
Fax: (212) 227-0207
Email: jbrinen@brinenlaw.com

*Counsel for Defendants Global Digital Solutions,
Inc. and William J. Delgado*

Dated:  June 12, 2019          **HELLRING LINDEMAN GOLDSTEIN & SIEGAL, LLP**

By: <u>/s/ Jonathan L. Goldstein</u>
Jonathan L. Goldstein
Corinne B. Maloney
One Gateway Center
Newark, New Jersey 07102-5323
Tel: (973) 621-9020
Fax: (973) 621-7406
Email: jlgoldstein@hlgslaw.com
Email: cbmaloney@hlgslaw.com

*Counsel for Defendant David A. Loppert*


Dated:  June 12, 2019          **THE BROWN LAW FIRM, P.C.**

By: <u>/s/ Timothy Brown</u>
Timothy Brown
240 Townsend Square
Oyster Bay, New York 11771
Tel: (516) 922-5427
Fax: (516) 344-6204
Email: <u>tbrown@thebrownlawfirm.net</u>

and

**THE PAWAR LAW GROUP, P.C.**

By: <u>/s/ Vik Pawar</u>
Vik Pawar
6 South Street, Suite 201
Morristown, New Jersey 07960
Tel: (212) 571-0805
Fax: (212) 571-0938
Email: vikrantpawaresq@gmail.com

*Counsel for Plaintiff Adrian Lopez*